# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CURTIS ERIC DILLON (#282159)**            **CIVIL ACTION**

**VERSUS**

**ERWIN YOUNG, ET AL.**            **NO. 18-0483-BAJ-EWD**

## O R D E R

Before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (R. Doc. 2).

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Erwin Young, Sgt. T. Alexander, Lt. C. Shipley and Warden Darrel Vannoy, complaining that his constitutional rights have been violated because he has been maintained in confinement at LSP notwithstanding deficiencies and inaccuracies in the "Commitment Documents" utilized to support such confinement. In support of this assertion, Plaintiff further complains that his Master Prison Record was unilaterally and improperly modified in October 2017 by Defendant Shipley to reflect an initial arrest date ("1-5-96") that is different from the arrest date previously included in his records ("8/22/95"). Plaintiff asserts that the referenced deficiencies and inaccuracies in the referenced documentation "place[] in doubt" the legitimacy of his continued confinement, and he seeks, *inter alia*, monetary damages for Defendants' alleged improper conduct.

The statute applicable to the granting of pauper status to inmates in civil proceedings, 28 U.S.C. § 1915(g), makes clear that Plaintiff is not entitled to proceed as a pauper in this case and that he must pay the full amount of the Court's filing fee before he is entitled to proceed herein.

This statute provides, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). *See also Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996).

A review of the records of the federal courts reflects that Plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Because it is clear that Plaintiff is not entitled to proceed *in forma pauperis* in this case,[2] Plaintiff shall be required to pay the full amount of the Court's filing fee before he is allowed to proceed. Therefore;

**IT IS ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (R. Doc. 2) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff is granted twenty-one (21) days from the date of this Order within which to pay $ 400.00, the full amount of the Court's filing fee. The filing

---

1 Cases filed by Plaintiff while incarcerated that have been dismissed by this Court or by the Court of Appeals as frivolous or for failure to state a claim include, but are not limited to, *Curtis E. Dillon v. Joe Sabella, et al.*, Civil Action No. 95-0582-JVP-SCR (M.D. La.), *Curtis E. Dillon v. Bonnie Jackson, et al.*, Civil Action No. 95-1983-JVP-SCR (M.D. La.), *Curtis E. Dillon v. Fred Mahfouz, et al.*, Civil Action No. 95-1988-FAL-JFS (W.D. La.), *Curtis E. Dillon v. Bonnie Jackson, et al.*, Civil Action No. 97-0633-FJP-CN (M.D. La.), *Curtis E. Dillon v. Bonnie Jackson, et al.*, Civil Action No. 98-0908-FJP-DLD (M.D. La.), *Curtis E. Dillon v. Louisiana Department of Public Safety and Corrections, et al.*, Civil Action No. 98-0212-FJP-DLD (M.D. La.), and *Curtis E. Dillon v. Richard Stalder, et al.*, Civil Action No. 03-0165-FJP (M.D. La.).

2 The allegations of Plaintiff's Complaint do not fall within the "imminent danger" exception to 28 U.S.C. § 1915(g).

fee must be paid in full in a single payment. No partial payments of fees will be accepted. Failure to pay the filing fee within 21 days may result in the dismissal of Plaintiff's Complaint without further notice from the Court.

Signed in Baton Rouge, Louisiana, on October 29, 2018.

*Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**